LAMONT and others, Respondents, vs. HIBBARD, SPENCER, BARTLETT & Co., Appellant.

*May 5 — May 25, 1894.*

*Voluntary assignment: Order allowing exemptions: Appeal by creditor.*

Under sec. 16, ch. 385, Laws of 1889, a creditor whose name has been put by the assignor on the list of creditors filed may appeal from an order of the court allowing to assignors the exemptions claimed by them.

APPEAL from the Circuit Court for *Dane* County.

For the appellant there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell.*

For the respondents there was a brief by *La Follette, Harper, Roe & Zimmerman,* and oral argument by *G. E. Roe.*

NEWMAN, J. This is an appeal by a creditor of the assignors from the same order from which the appeal in *Lamont v. Wootton, ante,* p. 107, was taken by the assignee. The appeal is by *Hibbard, Spencer, Bartlett & Co.,* a corporation, one of the creditors named in the list of creditors filed by the assignors. The appeal was taken before it was known whether the assignee would appeal. There was a motion to dismiss the appeal on the ground that a mere creditor at large had no right or standing to appeal.

Lamont and others vs. Hibbard, Spencer, Bartlett & Co.

No doubt a creditor has sufficient interest, and standing to sustain an appeal. The statute provides that proceedings in a voluntary assignment shall be under the supervision of the circuit court or of the circuit judge (R. S. sec. 1693), and they are no doubt to be treated as in the nature of special proceedings in the circuit court. The assignor, the assignee, and all the creditors are to be deemed parties to such proceedings. They are all necessary parties to the administration of the estate. Sec. 16, ch. 385, Laws of 1889, which is an amendment and addition to the laws relating to voluntary assignments (sec. 1), provides that "appeals may be taken to the supreme court by any such insolvent debtor, or by any creditor, from any order or judgment made or entered in such proceedings by such judge or court." This must be construed as allowing any creditor to appeal from any order made by the court or judge in proceedings under the statutes relating to voluntary assignments; for ch. 385, Laws of 1889, is to be considered, not only as being an amendment and addition to the statutes relating to voluntary assignments, but as being *in pari materia* with them. It is to be construed together with all other statutes on the subject as if they formed parts of the same statute and were enacted at the same time. *State ex rel. Sweet v. Cunningham, ante,* p. 81, and cases cited. Viewed from this position, it is clear that the statute gives the right to appeal to a creditor who has become a party to the proceedings by having his name put by the assignor in the list of creditors filed by him.

The motion to dismiss the appeal is denied. The order of the circuit court must be reversed, for the reasons stated in the decision of the assignee's appeal.

*By the Court.*— The order of the circuit court is reversed.