MILLER and another, Plaintiffs and Respondents, v. LIGHTER and others, Defendants and Respondents: WISCONSIN BRICK COMPANY and another, Creditors and Appellants.

*November 4—November 21, 1963.*

---

*Richard R. Rynders* of Madison, for the appellants.
*Beckwith & Hollern* of Madison, for the respondents.

PER CURIAM. The question presented is whether appellants are properly before this court. A person may be a "party aggrieved" by a judgment or order and entitled to appeal under sec. 274.10, Stats., even though he is not a named party in the suit. *Paradise v. Ridenour* (1933), 211 Wis. 42, 247 N. W. 472. Generally where the aggrieved party is not a named party to the action he nevertheless has a substantial interest adverse to the judgment either directly or by privity created by succeeding to the rights of the person against whom the judgment was rendered. We recognized in *Gumz v. Chickering* (1963), 19 Wis. (2d) 625,

121 N. W. (2d) 279, that the highest bidder at a foreclosure sale has the standing of an appellant to appeal the trial court's order refusing to confirm the sale which thus adversely affected the bidder's right to confirmation.

A creditor in the ch. 128, Stats., proceeding may be an aggrieved party for the purposes of appealing from orders entered in that proceeding directly affecting his rights. See *Lamont v. Hibbard, Spencer, Bartlett & Co.* (1894), 88 Wis. 109, 59 N. W. 456. Likewise, a creditor may be an aggrieved party in actions by the receiver to recover assets for the benefit of creditors. However, in the latter case his rights and those of other creditors are represented by the receiver and when a creditor attempts to substitute himself in such collateral or independent suit on appeal, more is necessary to succeed to the rights of the receiver than the assertion that his interests are adversely affected. The cause of action of Miller was vested in the receiver for the benefit of Miller's creditors. A creditor cannot continue this lawsuit except by succeeding to the rights of the receiver.

Without the authority of the court in the ch. 128, Stats., proceeding a creditor cannot sue in a representative capacity in place of the receiver. If the receiver decides not to sue or to appeal, the creditor who demands the suit or appeal be presented must obtain authority to take the place of the receiver for the benefit of all the creditors in such suit. Here, the appellants allowed the ch. 128 proceeding to be closed without making any application for authority to continue this suit by being substituted for the receiver. Likewise, in this suit there is no authorization of the appellants to continue the suit on appeal in a representative capacity in place of the receiver. This is not a case where the person seeking to appeal is entitled to keep for his own benefit the entire fruits of the recovery but must sue, if at all, for the common

benefit of others and himself. We hold, therefore, in the absence of any substitution of record the appellants are not properly before this court in this appeal and the motion to dismiss should be granted. No costs are allowed.