Betty Lou **FALK**, Plaintiff,

v.

The **FALK CORPORATION**, a Delaware Corporation, Defendant,

and

Dorothy H. **Falk**, n/k/a Dorothy H. **Whibbs**, and Richard S. **Falk**, Jr., Intervening Defendants.

No. 73–C–3.

United States District Court, E. D. Wisconsin, Milwaukee Division.

Feb. 7, 1975.

Nonald J. Lewis, Kasdorf, Henderson, Dall, Lewis & Swietlik, Milwaukee, Wis., for plaintiff.

Richard S. Gibbs, and Edward A. Porter, Gibbs, Roper & Fifield, Milwaukee, Wis., for Falk Corp.

Donald R. Peterson, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for intervening defendants.

## DECISION AND ORDER

WARREN, District Judge.

This action was initiated by plaintiff Betty Lou Falk upon the filing of a complaint against the defendant Falk Corporation on January 3, 1973. The complaint seeks monies in the nature of annual payments allegedly due and owing plaintiff as beneficiary of a deferred compensation plan entered into between her deceased husband, Richard S. Falk, Sr. (hereinafter "deceased"), and the defendant corporation. Thereafter, by order of the Court dated March 1, 1973, defendants Dorothy H. Falk, now known as Dorothy H. Whibbs, deceased's first wife, and Richard S. Falk, Jr., deceased's son, were permitted to intervene in the action. Jurisdiction resides in this Court by virtue of the provisions of 28 U.S.C. § 1332(a)(1), and the matter is now pending on the motion of intervening defendants for summary

judgment,[1] which motion has been fully briefed by plaintiff and the intervening defendants. Inasmuch as defendant Falk Corporation is a neutral stakeholder of the funds in question and has deposited the disputed sums in the Registry of this Court as they have become due, it has taken no position relative to the claims of plaintiff or intervening defendants, save to join with those parties in a stipulation of the relevant facts.

On January 2, 1961, defendant Falk Corporation and Richard S. Falk, Sr. entered into an agreement for the payment of deferred compensation at specified future dates by Falk Corporation to the deceased. There were to be fifteen (15) consecutive annual payments of $15,200, payable on January 2 of each year, commencing at the retirement of deceased from the employ of defendant Falk Corporation or the termination of such employment prior to retirement. Payment was to be made to the deceased, or, upon his death, to the beneficiary named in the last unrevoked designation of beneficiary filed with defendant Falk Corporation.

Deceased retired from the employment of defendant Falk Corporation in 1965, having met all the conditions of the deferred compensation agreement. He thereby became entitled to the installments provided for by the agreement as they accrued, and, during deceased's lifetime, the defendant Falk Corporation made six such payments to him.

In July of 1965, Dorothy H. Falk, now known as Dorothy H. Whibbs, commenced a divorce action in the Circuit Court of Milwaukee County against the deceased by service of a summons upon him. Subsequently, in August of 1965, that summons was amended to name others, including the defendant Falk Corporation, as party defendants to the divorce proceedings. The summons was served upon Falk Corporation on August 12, 1965. Falk Corporation thereafter served an answer and cross-complaint and remained a party to the divorce proceedings at all material times.

On January 9, 1969, Dorothy H. Falk and deceased, in view of the pending divorce action, entered into a written stipulation with regard to their assets. The stipulation was executed by Dorothy H. Falk, n/k/a Dorothy H. Whibbs, Richard S. Falk, Sr., and their respective attorneys and provided in part as follows:

"It is agreed that Dorothy H. Falk will remain irrevocable beneficiary of the Falk Deferred Compensation [Agreement] under the terms of said plan and the irrevocable beneficiary of the Falk Pension Plan under the terms of said plan and Richard S. Falk, Jr. shall be the alternate irrevocable beneficiary of said plans. In the event there is now another beneficiary designated for the said pension plan, said other beneficiary will forthwith relinquish any rights as beneficiary."

Thereafter, on January 28, 1969, judgment was entered in the Circuit Court of Milwaukee County, State of Wisconsin, dissolving the bonds of matrimony then existing between Richard S. Falk, Sr. and Dorothy H. Falk and incorporating therein the stipulation heretofore mentioned. No order was ever entered or sought modifying the divorce judgment or division of the estate of the parties as stipulated by the parties and ordered by the circuit court. Nor was any appeal ever taken by any party from the judgment of divorce granted to Dorothy H. Falk from Richard S. Falk, Sr., said appeal time having expired on January 28, 1970.

Subsequent to the divorce judgment, the defendant Falk Corporation, by its House Counsel and Secretary, Attorney Gilbert L. Klein, prepared a designation of beneficiary form which was executed by Richard S. Falk, Sr., on April 11, 1969 and received by the Falk Corpora-

---

1. The motion of intervening defendants had been one for dismissal of the action. However, by letter dated April 17, 1973, the same parties requested that such motion instead be treated as one for summary judgment, which request this Court will honor so as to do substantial justice.

tion on April 22, 1969. By that form, a copy of which is attached to this opinion as Appendix A, Dorothy H. Falk was appointed the irrevocable primary beneficiary and Richard S. Falk, Jr. was appointed the irrevocable contingent beneficiary of the deferred compensation agreement.

On February 20, 1970, deceased married plaintiff Betty Lou Falk. Thereafter on September 28, 1970, the Falk Corporation received another designation of beneficiary form, dated September 24, 1970, by which deceased attempted to revoke the prior designations and appoint his second wife, plaintiff Betty Lou Falk, as beneficiary under the agreement. See Appendix B to this opinion. A second such attempt by deceased to revoke the designation of the intervening defendants herein as beneficiaries under the deferred compensation agreement and instead name plaintiff was executed by deceased on October 30, 1970. Receipt of such designation, however, was not acknowledged by the defendant Falk Corporation until January 20, 1971. See Appendix C to this opinion.

Meanwhile, on October 3, 1970, deceased was personally served with an order to show cause returnable before the Honorable William R. Moser, Milwaukee County Circuit Court Judge, directing deceased to appear before Judge Moser on October 12, 1970 to show cause why he should not be held in contempt for attempting to change the beneficiary designation of the Falk Deferred Compensation Agreement from intervening defendants Dorothy H. Falk and Richard S. Falk, Jr. to plaintiff Betty Lou Falk. Such an order to show cause was similarly served upon the Falk Corporation on October 5, 1970.

The order to show cause was heard by the Honorable William R. Moser on October 12, 1970, all parties appearing by counsel. In an order entered on November 20, 1970, Judge Moser held deceased in contempt of court for violating the provisions of the divorce judgment because of his attempt to designate plain-

tiff Betty Lou Falk beneficiary under the deferred compensation agreement in place of the irrevocable beneficiaries, Dorothy H. Falk and Richard S. Falk, Jr. In addition, the court directed the Falk Corporation to disregard and ignore the change of beneficiary received by Gilbert L. Klein, Falk Corporation Secretary, whereby deceased designated Betty Lou Falk as beneficiary in that there was already on file an irrevocable designation of beneficiary naming Dorothy H. Falk the irrevocable primary beneficiary and Richard S. Falk, Jr. the irrevocable contingent beneficiary. No appeal was taken from such order by defendant Falk Corporation. Richard S. Falk, Sr., however, died on February 8, 1971, and plaintiff Betty Lou Falk appealed the aforementioned order to the Wisconsin Supreme Court as executrix of the estate of deceased.

In a per curiam decision dated November 28, 1972, the Wisconsin Supreme Court dismissed her appeal, ruling that Betty Lou Falk, in her representative capacity, was not a party aggrieved by the appealable portion of the order, i. e., that portion of the order instructing the Falk Corporation to disregard the second beneficiary designation. The Court reasoned that in her capacity as executrix, Betty Lou Falk had no interest in the beneficiary designation because the payments under the deferred compensation contract were not assets of deceased's estate nor were they subject to disposition by his will. Since that date, plaintiff and intervening defendant Dorothy H. Falk, n/k/a Dorothy H. Whibbs, have each made formal demand upon defendant Falk Corporation for payment of the installments which have accrued under the agreement. To date, those installments number four, which monies have all been deposited with this Court. Five such installments remain to be paid in the future by Falk Corporation to the successful party herein.

Having thoroughly reviewed the exhibits submitted by the parties and the numerous arguments of counsel, the Court concludes that summary judgment

should properly be accorded the intervening defendants. It does so on procedural as well as substantive grounds.

## I. *COLLATERAL ESTOPPEL*

Plaintiff's entitlement to the funds in question is premised upon the deceased's right under the terms of the divorce judgment to change the beneficiary of the Falk Corporation Deferred Compensation Agreement from intervening defendant Dorothy H. Falk to the plaintiff herein. Plaintiff argues that she seeks neither to modify, alter, change, nor amend the divorce judgment, but simply to demonstrate that deceased's two successive changes of beneficiary constituted actions properly allowable under the divorce decree. Plaintiff reasons that since the stipulation between Dorothy H. Falk and deceased, which was later incorporated into the divorce judgment, provided that Dorothy H. Falk would remain irrevocable beneficiary of the agreement "under the terms of said plan," the terms of the plan necessarily became a part of the judgment itself. She further reasons that since the deferred compensation agreement provided that deceased could name as beneficiaries his wife, his children, including adopted children, other lineal descendants or ancestors, his brothers, sisters or lineal descendants of his brothers or sisters, but no others,[2] Dorothy H. Falk was intended to remain the irrevocable beneficiary of the deferred compensation agreement only so long as she retained the status that rendered her eligible to be named a beneficiary, i. e., the wife of Richard S. Falk, Sr. Upon this basis, plaintiff concludes that since subsequent to the entry of the divorce judgment on January 28, 1969, Dorothy H. Falk, n/k/a Dorothy H. Whibbs, was no longer eligible under the terms of the deferred compensation plan to be a beneficiary thereof the divorce judgment which incorporated such plan did not preclude deceased from changing the beneficiary designation to his current wife. Deceased's change of beneficiary was therefore valid.

■ Procedurally, plaintiff Betty Lou Falk is estopped from claiming in this Court that her deceased husband possessed the right, under the terms of the divorce decree, to alter the beneficiaries of the deferred compensation agreement and that her designation as beneficiary of such agreement is therefore valid. It is well recognized that a federal district court acting by virtue of diversity jurisdiction is effectively only another court of the state in which it resides, for which reason it follows state law and policy. Angel v. Bullington, 330 U.S. 183, 191–192, 67 S.Ct. 657, 91 L.Ed. 832 (1947). Specifically, this principle has been extended by the federal courts in this circuit to matters involving the doctrine of *res judicata*, Watts v. I. B. M. Corporation, 341 F.Supp. 760, 761 (E.D. Wis., 1972); Dodge v. Carri-Craft, Inc., Div. of Wis. Tanktainer, Inc., 332 F. Supp. 651, 652 (E.D.Wis., 1971), the doctrine of collateral attack, Capitol Indemnity Corp. v. St. Paul Fire and Marine Ins. Co., 357 F.Supp. 399, 410 (W.D. Wis., 1972), and the related doctrine of collateral estoppel, Morgan v. Inter-Continental Trading Corp., 360 F.2d 853 (7th Cir., 1966).

■ Collateral estoppel, as distinguished from the doctrine of *res judicata*, was succinctly defined by the United States Supreme Court in Lawlor v. Na-

---

2. Article VI, Section (b) of the Falk Deferred Compensation Agreement between the Falk Corporation and Richard S. Falk, Sr. provides in part as follows:

"(b) . . .

"Executive may designate one or more of the following persons, or trusts therefor, but no others, as his beneficiary (or beneficiaries) hereunder: His wife, his children, including adopted children, other lineal descendents or ancestors, his brothers, sisters or lineal descendents of his brothers or sisters. Any designation of beneficiary hereunder shall be in writing filed with the Company, and distribution shall be made to the beneficiary (or beneficiaries) and in the proportionate shares provided by the last unrevoked designation so filed prior to Executive's death. . . . "

tional Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955):

> "[U]nder the doctrine of *res judicata,* a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit."

This same definition has been uniformly enunciated by the Wisconsin Supreme Court with the proviso that the issue previously litigated must have also determined the case. Lindemann v. Rusk, 125 Wis. 210, 237, 104 N.W. 119 (1905); Schofield v. Rideout, 233 Wis. 550, 555, 290 N.W. 155, 133 A.L.R. 834 (1940); Rauser v. Rauser, 52 Wis.2d 665, 670, 190 N.W.2d 875 (1971); Keller v. Schuster, 54 Wis.2d 738, 742–743, 196 N.W.2d 640 (1972). Furthermore, the Wisconsin courts extend the principle of collateral estoppel not only to the nominal parties, but also to those persons in privity with them:

> "A question of fact once determined by a competent court is at rest between the same parties, and neither party can thereafter be heard to deny the correctness of the adjudication in a collateral action or proceeding . . . . A judgment is conclusive upon the parties thereto, only in respect to the grounds covered by it and the law and facts necessary to uphold it . . . . But to that extent it is conclusive upon the parties, as respects both the law and the facts. *And these rules extend to and include persons in privity with the parties, though not parties on the record.*" Lawrence v. The City of Milwaukee, 45 Wis. 306, 309 (1878) (emphasis added).

Thus, to determine whether plaintiff is collaterally estopped from arguing that deceased possessed the right to alter the designation of beneficiaries of the deferred compensation agreement under the terms of the divorce judgment and that her designation as beneficiary is therefore valid, this Court will look to (1) whether the issue of deceased's ability to alter the beneficiaries of the deferred compensation agreement under the terms of the divorce judgment was conclusively decided by Judge Moser in the contempt proceeding against her husband; (2) whether that issue was necessarily determinative of the outcome of such proceeding, and (3) whether plaintiff Betty Lou Falk and deceased Richard S. Falk, Sr., were in privity with each other with respect to the right litigated before Judge Moser.

There exists no question that the issue of deceased's ability to alter beneficiaries of the deferred compensation agreement under the terms of the divorce decree was conclusively decided by Judge Moser. If indeed deceased could legally and validly have changed the beneficiary designation from Dorothy H. Falk to Betty Lou Falk in accord with the terms of the divorce decree, he would not have been cited for contempt for having done so. By order entered November 20, 1970, Judge Moser ruled:

> "3. That the defendant is in contempt of court for attempting to *violate the provisions of the divorce judgment herein by designating Betty Lou Falk (wife) beneficiary under the Deferred Compensation Agreement with the Falk Corporation in place of the irrevocable beneficiary, Dorothy H. Falk.*" (Emphasis added).

The court found that by designating Betty Lou Falk beneficiary of the deferred compensation agreement in place of Dorothy H. Falk, deceased violated the divorce judgment. Implicit in such finding is the finding that deceased had no such ability under the terms of the divorce judgment. It is thus of no significance that plaintiff premises her claim upon the October 30 designation

as opposed to the September 24 designation, which designation was the subject of the contempt proceeding. Both constitute a designation of Betty Lou Falk as beneficiary under the deferred compensation agreement in place of the irrevocable beneficiary Dorothy H. Falk, and both rest upon deceased's ability to change beneficiaries under the terms of the divorce decree, which issue was decided against deceased by Judge Moser. Moreover, since no appeal was ever taken from Judge Moser's order, save for that which was dismissed as improperly taken, that order stands as the final determination of a court of competent jurisdiction on such issue. Since the issue of deceased's ability to execute a change of beneficiary to the deferred compensation agreement under the terms of the divorce judgment is thus precluded from relitigation, a second change of beneficiary which relies solely upon such ability is as invalid as the first. Furthermore, in view of the fact that deceased was charged with contempt specifically for having violated the divorce judgment by his change of beneficiary, any question as to whether a decision on deceased's ability to alter the beneficiary designation under the terms of the divorce decree was necessary to the outcome of the contempt proceeding on that charge is precluded by the specific finding of contempt on that charge.

■ Having affirmatively ascertained the existence of the first two elements of collateral estoppel, it remains to consider whether plaintiff Betty Lou Falk and her deceased husband were in privity with each other with respect to their interests in the benefits under the deferred compensation agreement. The Wisconsin Supreme Court defines privies as those who succeed to the ownership of property or some right or interest therein under one of the parties to the litigation:

". . . In judgments or decrees which . . . relate to the rights or interests of parties in and to certain property, privies are those who succeed to the ownership of that property or some right or interest therein under one of the parties to the litigation, directly or by mesne conveyances, by gift, by kinship, or by operation of law. . . ." Kimberly-Clark Co. v. Patten Paper Co., 153 Wis. 69, 86, 140 N.W. 1066, 1072 (1913).

In the instant case, plaintiff derives her right to the installment payments under the deferred compensation agreement by operation of law upon deceased's designation of her as beneficiary to such agreement. Her right to take as beneficiary of the deferred compensation agreement was thus wholly dependent upon deceased's right to name her as such. If deceased no longer possessed such a right, it follows irrefutably that no right to the benefits of the deferred compensation agreement could ever accrue to the plaintiff. In this respect, plaintiff's privity with deceased is much the same as the privity which existed between the appellant-mortgagee and the prior owner in the case of Lingott v. Bihlmire, 24 Wis.2d 182, 189, 128 N.W. 2d 625, 628 (1964), reh. den. 24 Wis.2d 182, 129 N.W.2d 329:

"The appellant is not the owner in fee, but the mortgagee of the property, and her claim for the tax exemption is based upon the identical facts and allegations raised by the owner in a prior attempt to have the property declared tax exempt in the county court, although there is no identity of parties, . . . there is, privity between Hahn and the appellant, for her claim that the property is exempt from taxation is based entirely upon the nature of Hahn's ownership, which Hahn had litigated in the prior action. . . ."

It is apparent to this Court that the Wisconsin Supreme Court likewise recognized plaintiff's privity with deceased in rendering its per curiam opinion on her appeal as executrix of deceased's estate from Judge Moser's order. The supreme court was careful to note plain-

tiff's disqualification *only* in terms of her representative capacity:

> "Richard died at some time which is not disclosed by the record. Betty Lou, as executrix of his estate, served and filed a notice of appeal from the order. *The record does not show any proceedings for substitution of parties* . . . .
>
> "This appeal must be dismissed because *Betty Lou in her representative capacity is not a party aggrieved* by the appealable portion of the order.
>
> "*In her capacity as executrix, Betty Lou has no interest in the beneficiary designation,* because the payments under the deferred compensation contract were not assets of the estate of Richard S. Falk, Sr., nor were they subject to disposition by his will . . . ." (Emphasis added).

Implicit in the decision of the Wisconsin Supreme Court is its opinion that Betty Lou Falk in her *individual* capacity should have appealed Judge Moser's order as an 'aggrieved party.'

The appeal of such an order by an 'aggrieved party' is authorized by Wis. Stats. sec. 274.10 (1971), which provides that:

> "Any judgment within section 274.09 or any order defined in section 274.33 may be reviewed before the supreme court upon an appeal by any party aggrieved. A party first appealing is the appellant. All others are respondents."

In determining whether appellants were properly before the court, the Wisconsin Supreme Court in Miller v. Lighter, 21 Wis.2d 401, 124 N.W.2d 460 (1963), ruled that a person might be a 'party aggrieved' by a judgment or order and entitled to appeal under sec. 274.10, Wis.Stats. even though he was not a named party in the suit. As to those persons, the court noted:

> ". . . Generally where the aggrieved party is not a named party to the action he nevertheless has a substantial interest adverse to the judgment either directly *or by privity created by succeeding to the rights of the person against whom the judgment was rendered.*" *Id.* at 403, 124 N.W. 2d at 461 (emphasis added).

Since the Wisconsin Supreme Court effectively stated that plaintiff was an 'aggrieved party' to the order entered by Judge Moser in her individual capacity, and since she was not a named party in the contempt proceedings nor one whose interest was directly adverse to the judgment, the supreme court obviously was of the opinion that plaintiff was an aggrieved party by virtue of her privity to the deceased. This Court therefore concludes that plaintiff Betty Lou Falk was in privity with the deceased such that a determination of his ability to designate her as beneficiary of the deferred compensation agreement was necessarily binding upon her.

The Court is further persuaded to this end by the logic of another state court which encountered an analogous situation. In the case of Goetz v. Board of Trustees, Police. & Fire. Retire. Sys., 203 Kan. 340, 454 P.2d 481, 489 (1969), the Supreme Court of Kansas decided that, under the doctrine of collateral estoppel, a determination of the husband's right to a pension, adverse to him, by the defendant board of trustees, which determination became final upon litigation in the courts, precluded the widow from relitigating the issues determined in the husband's suit, regardless of the fact that the widow's cause of action for pension benefits was based upon a different claim. Its rationale in arriving at such a conclusion is nothing more than the Wisconsin concept of privity applied to the particular facts and circumstances of the case:

> "Without question the appellant herein derived any and all rights she may have had to pension benefits from and through her deceased husband. This being so, the appellant in this case is in privity with her deceased husband. They are identified in interest by their successive rela-

tionship to the same rights in property, that is, pension benefits.

"There is no generally prevailing definition of 'privity' which can be automatically applied to all cases. A determination of the question as to who are privies requires careful examination into the circumstances of each case as it arises. . . ." *Id.* at 490.

Upon its examination of the facts and circumstances of this analogous case, particularly in light of the comments of the Wisconsin Supreme Court, this Court concludes that plaintiff Betty Lou Falk was in privity with her deceased husband such that she is precluded herein from relitigating deceased's ability to alter the beneficiaries of the deferred compensation agreement under the terms of the divorce judgment.

## II. *LACK OF SUBSTANTIVE MERIT*

■ Even if this Court were to determine plaintiff's claim upon its merits, it would affirmatively decide the motion of intervening defendants Dorothy H. Falk, n/k/a Dorothy H. Whibbs and Richard S. Falk, Jr. for summary judgment. Plaintiff claims that under the terms of the divorce judgment, the stipulation executed by Dorothy H. Falk and Richard S. Falk, Sr. and the Falk Deferred Compensation Agreement must be read and construed together. Having done so, she contends, it is clear that the parties intended Dorothy H. Falk to remain 'irrevocable' beneficiary under the deferred compensation agreement only so long as she remained his wife, leaving deceased free to change the beneficiary designation thereafter. Plaintiff claims further support for her characterization of the parties' intent in that there exists no evidence that Richard S. Falk, Sr. and the Falk Corporation agreed to modify the terms of the deferred compensation agreement. The Court agrees with none of plaintiff's contentions, and with ample justification.

First of all, it is inconceivable that parties contemplating divorce would prepare a stipulation in settlement of the division of their estate granting an interest to one of the parties until such time as the party in question should become divorced. To do so would be a meaningless gesture. Particularly is that true in the instant case. Although the stipulation reads, "Dorothy H. Falk *will remain* irrevocable beneficiary of the Falk Deferred Compensation [Agreement]," (emphasis added), the exhibits disclose that in fact she was not so named until three months *after* the judgment of divorce had been entered. If the parties had intended Dorothy Falk to remain 'irrevocable' beneficiary of the agreement only until such time as she became deceased's ex-wife, what *possible* reason could there have been for the execution of the beneficiary designation appointing Dorothy H. Falk irrevocable beneficiary under the deferred compensation agreement after she had already become deceased's ex-wife? In addition, it is highly implausible that the parties and their attorneys would have used the term 'irrevocable,' which connotes a complete relinquishment of the right to rescind, in such a fashion.

The Wisconsin Supreme Court has adopted the position that where one construction of a stipulation in a divorce action would make such a contract unusual and extraordinary while the other would make it reasonable, just, and fair, the latter *must* prevail:

"A stipulation in a divorce action is in the nature of a contract . . . . We have said that a contract should be given a construction which 'will effectuate what appears to have been the intention of the parties.' . . .

" 'Under recognized rules of interpretation of contracts, where one construction would make a contract unusual and extraordinary while another equally consistent with the language used would make it reasonable, just, and fair, the latter must prevail.' "

Estate of Boyd, 18 Wis.2d 379, 381, 118 N.W.2d 705, 706 (1963).

Consequently, the Court is compelled to accept the interpretation proffered by the intervening defendants and rule that they were intended to remain beneficiaries under the deferred compensation agreement for the life of the agreement, never to be revoked by deceased. Nor is this construction of the parties' intent contrary to the terms of the deferred compensation agreement in view of the fact that there exists distinct evidence of an intent on the part of Falk Corporation and Richard S. Falk, Sr. to modify, consonant with the terms of the stipulation, the terms of the deferred compensation agreement in the *form* of the designation of beneficiary prepared by Falk Corporation and executed by Richard S. Falk, Sr. on April 11, 1969, annexed hereto as Appendix A.

It was stipulated by all the parties hereto that the designation of beneficiary form naming Dorothy H. Falk as irrevocable primary beneficiary was prepared for deceased's signature by Attorney Gilbert L. Klein, House Counsel and Secretary for defendant Falk Corporation. Significantly, there is no mention of the class of beneficiary of which defendant Dorothy H. Falk is a member. The designation simply reads, "Primary beneficiary . . . . . . . . . Dorothy H. Falk." There *is* such mention, however, with respect to the contingent beneficiary, Richard S. Falk, Jr., who is designated "My son." Of even more importance to this Court is the total absence of the standard language found at the bottom of the designations annexed hereto as Appendices B and C, by which documents deceased designated plaintiff herein as beneficiary. Such language reads as follows:

"Please note: Designation is limited to family members, or trusts therefor (Article VI) and should indicate whether beneficiaries designated are primary or contingent in priority and should also include any proportionate allocation among beneficiaries if equal payments are not to be made among beneficiaries sharing benefit payments."

The absence of such language in a designation of beneficiary form prepared by Falk Corporation and which does not conform to the requirements of Article VI at the time it is drawn clearly evinces an intent to modify the terms of the deferred compensation agreement so as to allow deceased to fulfill the terms of the stipulation. In view of the fact that Falk Corporation was under no order of the divorce court to prepare such a form or to alter the terms of the deferred compensation agreement, there is no other reason that Falk Corporation would have prepared a beneficiary form which manifestly did not comport with the requirements of Article VI of the deferred compensation agreement. Falk Corporation was certainly aware of the terms of its own deferred compensation agreement.

That being so, the evidence discloses a valid contract properly entered between deceased and intervening defendant Dorothy H. Falk, n/k/a Dorothy H. Whibbs and confirmed by the divorce court, that deceased would not change the beneficiaries of the deferred compensation agreement. By virtue of that contract, intervening defendants acquired a vested interest in the annual payments under the deferred compensation agreement as they would have acquired a vested interest in the proceeds under a life insurance policy:

"'A beneficiary may acquire a vested interest by contract based upon a valuable consideration that will be protected against subsequently named beneficiaries who have no superior equity, and a court of equity will not permit a change of beneficiary in favor of a donee that will prejudice the rights of a person whom the insured has made beneficiary in accordance with a contract based upon a valuable consideration, since the rights of the beneficiary are vested by virtue of the contract.'" Lee v. Preiss, 18 Wis.2d

109, 114, 118 N.W.2d 104, 107 (1962), quoting 4 Couch on Insurance 2d § 27:64, p. 571.

It is thus clear both under the *Preiss* decision and the relatively recent decision of the Wisconsin Supreme Court in Richards v. Richards, 58 Wis.2d 290, 206 N.W.2d 134 (1973) that even if deceased did effectuate a change in beneficiaries under the deferred compensation agreement, intervening defendants are equitable owners of the annual payments and equitably entitled to receive them.

Now therefore, it is ordered that the motion of intervening defendants for summary judgment be and hereby is GRANTED.

It is further ordered that intervening defendant Dorothy H. Falk, n/k/a Dorothy H. Whibbs is entitled to receive those monies deposited in the registry of this Court by Falk Corporation including the interest thereon and that she or, in the event of her demise, intervening defendant Richard S. Falk, Jr., is entitled to receive all future annual payments under the Falk Corporation Deferred Compensation Agreement.

The Court, however, defers the entry of judgment upon the matters herein decided until such time as the claim of Falk Corporation for reasonable attorneys fees is resolved. The parties are therefore ordered to appear in this Court and state their positions with regard thereto on Friday, February 14, 1975, at 2:00 P.M.

## APPENDIX A

### Exhibit C

### DESIGNATION OF BENEFICIARY

(Under the Falk Corporation Deferred Compensation Agreement)

I, Richard S. Falk, Sr., the undersigned, being a retired executive under the Deferred Compensation Agreement dated the 2nd day of January, 1961 with The Falk Corporation, hereby irrevocably appoint the following as beneficiary (or beneficiaries) under said Deferred Compensation Agreement with The Falk Corporation:

Primary Beneficiary ........Dorothy H. Falk
Contingent Beneficiary ..My son, Richard S. Falk, Jr.
Dated this 11 day of April, 1969.

/s/ Richard S. Falk Sr.
Richard S. Falk, Sr.

Designation received this 22nd day of April, 1969.

/s/ THE FALK CORPORATION

## APPENDIX B

### Exhibit C–1

### DESIGNATION OF BENEFICIARY

(Under The Falk Corporation Deferred Compensation Agreement)

I, Richard S. Falk, the undersigned, being an Executive under the Deferred Compensation Agreement with The Falk Corporation, do hereby revoke any and all prior designations of beneficiaries and do hereby appoint the following as beneficiary (or beneficiaries) under my said Deferred Compensation Agreement with The Falk Corporation.

BETTY LOU FALK (Wife)
Witnessed 9/24/70
(s) Richard D. Crites       /s/ Richard S. Falk
                                        Executive
Designation received this _____ day of_____, 1970.
                          THE FALK CORPORATION
                          By _____

Please Note: Designation is limited to *family members, or trusts therefor (Article VI)* and should indicate whether beneficiaries designated are primary or contingent in priority and should also include any proportionate allocation among beneficiaries if equal payments are not to be made among beneficiaries sharing benefit payments.

## APPENDIX C

### Exhibit J

### DESIGNATION OF BENEFICIARY

(Under The Falk Corporation Deferred Compensation Agreement)

I, Richard S. Falk, the undersigned, being an Executive under the Deferred

Compensation Agreement with The Falk Corporation, do hereby revoke any and all prior designations of beneficiaries and do hereby appoint the following as beneficiary (or beneficiaries) under my said Deferred Compensation Agreement with The Falk Corporation.

BETTY LOU FALK (Wife)

Witnessed this
30th day of October,
1970.

(s) Mary Ella Bee        /s/ Richard S. Falk Sr.
                              Executive

Designation received this 20th day of January, 1971.

THE FALK CORPORATION

Please Note: Designation is limited to family members, or trusts therefor (Article VI) and should indicate whether beneficiaries designated are primary or contingent in priority and should also include any proportionate allocation among beneficiaries if equal payments are not to be made among beneficiaries sharing benefit payments.