STATE EX REL. WISCONSIN EMPLOYERS INSURANCE COMPANY, Petitioner-Appellant,

v.

OFFICE OF the COMMISSIONER OF INSURANCE, Respondent.

Court of Appeals

*No. 83–1546. Submitted on briefs July 23, 1984.—*
*Decided January 15, 1985.*
(Also reported in 363 N.W.2d 585.)

For the appellant the cause was submitted on the briefs of *Jon P. Axelrod* and *DeWitt, Sundby, Huggett, Schumacher & Morgan, S.C.,* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James P. Altman,* assistant attorney general.

Brief amicus curiae of Blue Cross & Blue Shield United of Wisconsin was filed by *Whyte & Hirschboeck, S.C., Joseph C. Branch, Kathleen M. Rivera,* and *Barbara J. Janaszek,* of Milwaukee.

Before Cane, P.J., Dean and Nettesheim, JJ.

CANE, P.J. Wisconsin Employers Insurance Company appeals a judgment denying its petition for a writ of prohibition. Employers sought to prevent the Commissioner of Insurance from convening a class 2 con-

tested case proceeding, sec. 227.01 (2) (b), Stats., to determine whether the commissioner should issue orders, sec. 601.41 (4), Stats., and demand forfeitures from the company, sec. 601.64 (3), Stats. The circuit court held that the commissioner was not exceeding his authority by conducting a hearing with procedures equivalent to those in a class 2 contested case proceeding to determine whether to issue orders and demand forfeitures. Because we conclude that the commissioner may convene the hearing, and that the circuit court did not base its decision on an erroneous view of the law or abuse its discretion by denying the writ, we affirm.

When the commissioner acts in a quasi-judicial capacity, he is subject to the circuit court's supervisory control. *See State ex rel. Wisconsin Department of Public Instruction v. DILHR,* 68 Wis. 2d 677, 684–85, 229 N.W.2d 591, 595–96 (1975). The court may exercise its control by using a writ of prohibition. *Id.* at 686, 229 N.W.2d at 596. A writ of prohibition is an extraordinary remedy that is appropriate when the remedy of appeal is inadequate. *Id.* We will reverse the circuit court if it abused its discretion by refusing to issue the writ of prohibition or based its decision on an "erroneous view of the law." *See id.* at 686, 229 N.W.2d at 596–97.

The commissioner may convene the hearing that he noticed as a class 2 hearing. The commissioner is required to enforce chs. 600 to 646. *See* sec. 601.41 (1), Stats. He has all powers specifically granted and those powers reasonably implied to enable him to carry out his duty to enforce chs. 600 to 646. Section 601.41 (2), Stats. He is required to issue such orders "as is necessary to secure compliance with the law." Section 601.41 (4) (a), Stats.

The commissioner's order may or may not be preceded by a hearing. If an order is issued without a hearing, the company must demand a hearing within twenty days or

else waive the right to a hearing. *See* sec. 601.62(3)(a), Stats. At that hearing, the provisions of ch. 227 would apply. *See* secs. 601.62(2) and (3), Stats. If the commissioner elects to hold an informal investigatory hearing, sec. 601.41(5), Stats., before issuing an order, the hearing must comply with ch. 227 for the order to be an effective order. Section 601.41(5), Stats. At the hearing, the commissioner may subpoena witnesses, administer oaths, and take testimony. Section 601.61, Stats.

Regardless of when the hearing is held, the order is enforceable under the compulsive forfeiture statute, sec. 601.64(2). After notifying the company of its intent to proceed under the statute, *see id.*, the commissioner may commence an action to recover a forfeiture for the company's failure to comply with the order. *See* sec. 601.64 (3)(d), Stats. The court, not the commissioner, will determine whether to impose a forfeiture and, if so, the amount. Section 601.64(2), Stats.

We reject the commissioner's argument that the court's sec. 601.64 review is limited to determining whether substantial evidence in the record supports the forfeiture demand. The court cannot impose a forfeiture if the person complies with the order as of the time the commissioner commenced the forfeiture action to enforce the order. Section 601.64(2), Stats. The court, therefore, must conduct a de novo proceeding to determine whether the person's conduct failed to comply with the commissioner's order, as of the time the commissioner commenced the forfeiture action to enforce the order.

Employers argues that the commissioner is without authority to conduct a "contested case" hearing since there is no specific statute requiring a ch. 227 class 2 proceeding. We disagree. The Insurance Laws Revision Committee's Comment illustrates that the drafters intended to give the insurance commissioner the authority to notice hearings under sec. 227.07, Stats. (contested

cases) or, alternatively, to issue orders ex parte subject to the same hearing requirement unless waived. Although there is no statute expressly requiring the commissioner to hold such a hearing, this does not mean that the commissioner is prohibited from holding one. Committee Comment—1969, *reprinted in* Wis. Stat. Ann. § 601.62 (West 1980).

Because the circuit court's denial of the writ of prohibition was not based on an erroneous view of the law, we must now consider whether the court abused its discretion in denying the writ. Either a failure to exercise discretion or a lack of a reasonable basis for the decision constitutes an abuse of discretion. *Groh v. Groh,* 110 Wis. 2d 117, 128, 327 N.W.2d 655, 660 (1983). The circuit court exercised its discretion when it considered the adequacy of a remedy by appeal. *See Department of Public Instruction,* 68 Wis. 2d at 686, 229 N.W.2d at 597. The company is entitled to judicial review of the order. Section 227.20, Stats. We therefore conclude that the circuit court properly denied the writ.

*By the Court.*—Judgment affirmed.