# STATE EX REL. ST. MICHAEL'S EVANGELICAL LUTHERAN CHURCH, Petitioner-Respondent,

v.

# DEPARTMENT OF ADMINISTRATION, DIVISION OF HEARINGS & APPEALS, Appellant.†

Court of Appeals

*No. 85–1171. Submitted on briefs September 4, 1986.—Decided February 19, 1987.*

(Also reported in 404 N.W.2d 114.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette*, attorney general, and *Michael J. Losse*, assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Jon P. Axelrod* and *Jennifer Dean Andrews* and *DeWitt, Sundby, Huggett, Schumacher & Morgan, S.C.*, of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.   The Department of Administration, Division of Hearings and Appeals, appeals from an order granting the petition of St. Michael's Evangelical Church for a writ of prohibition. The writ prohibits the division from conducting a hearing on forfeitures assessed by the Department of Health and Social Services against St. Michael's. The issues are: (1) may a circuit court issue a writ of prohibition to prevent an agency from hearing a matter when the agency's jurisdiction is debatable and its decision is judicially reviewable under ch. 227, Stats; and (2) does sec. 50.04(5)(e), Stats., create a mandatory requirement that the hearing be commenced within thirty days after it is requested? We hold that the debatability of the agency's jurisdiction does not prevent the court from issuing the writ. We conclude, however, that because the circuit court erroneously found sec. 50.04(5)(e) creates a directory requirement, the court

based its issuance of the writ upon an error of law and therefore abused its discretion. We therefore reverse.

## 1. *Background*

St. Michael's is a privately-owned nursing home licensed under sec. 50.03, Stats. In May and June 1984 DHSS issued four notices of violation of ch. 50, Stats., provisions to St. Michael's and imposed a plan of corrective action. The alleged violations are of various statutes pertaining to the operation and maintenance of a nursing home. In November 1984, after St. Michael's made the corrections, DHSS assessed forfeitures totaling $11,300 against the church for the violations. St. Michael's timely requested a hearing on the forfeitures.

DOA's Division of Hearings and Appeals is authorized by sec. 50.04(5)(e), Stats., to hear contested forfeitures assessed against nursing homes by the Department of Health and Social Services. Section 50.04(5)(e), Stats., provides in pertinent part:

> A nursing home may contest an assessment of forfeiture, by sending a written request for hearing under s. 227.44 to the division of hearings and appeals .... The division shall commence the hearing within 30 days of receipt of the request for hearing and shall issue a final decision within 15 days after the close of the hearing. Proceedings before the division are governed by ch. 227. In any petition for judicial review of a decision by the division, the division shall be the named respondent.

The division did not commence the hearing within the thirty-day period. St. Michael's moved the division to dismiss the assessment because the hearing had not

been commenced within the statutory period. The division denied the motion on grounds that the statutory time limit is merely directory and set a hearing date.

To prevent the division from holding the hearing, St. Michael's applied to the circuit court for prohibition. The court concluded that the statutory time limit is mandatory and the division's failure to comply with that limit terminated its jurisdiction. The court therefore granted prohibition.

## 2. *Effect of Debatable Jurisdiction and Availability of Ch. 227, Stats., Review*

A circuit court possesses discretionary power to issue a writ of prohibition. *State ex rel. Dept. of Pub. Instruction v. ILHR,* 68 Wis. 2d 677, 686, 229 N.W.2d 591, 596 (1975). To sustain a discretionary decision, we need find only that the court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion which a reasonable judge could reach. *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175, 184 (1982).

It is a question of law whether a circuit court may issue a writ of prohibition to prevent an agency from hearing a matter when the agency's jurisdiction is debatable and when its decision is judicially reviewable under ch. 227, Stats., and when the facts are undisputed.[1] We, of course, decide issues of law with-

---

[1]A partially comparable situation arose in *Karow v. Milwaukee County Civil Serv. Comm.,* 82 Wis. 2d 565, 263 N.W.2d 214

out deference to the views of the circuit court. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

*State ex rel. Hustisford L., P. & M. Co. v. Grimm,* 208 Wis. 366, 243 N.W. 763 (1932), dealt with the effect of debatable jurisdiction when a writ is sought directed to a trial court. There the Wisconsin Supreme Court was asked to issue mandamus under its constitutional superintending power to compel a circuit court to vacate an order.[2] The *Hustisford* court said that to invoke its superintending power to correct an error of the trial court, the lower court's duty must be plain but need not be so plain as to permit only one conclusion. "The mere fact that the trial court's position falls within the field of reasonable debate cannot preclude the exercise of the [superintending] power unless, indeed, the matter is one within the trial court's discretion." 208 Wis. at 371, 243 N.W. at 765–66.

Justice Wickhem wrote the court's opinion in *State ex rel. Hustisford, supra.* He later referred to the *Hustisford* holding as meaning that the supreme

---

(1978). The *Karow* court concluded that the circuit court had properly prohibited a county civil service commission from hearing charges against an employee. The power of the commission to proceed turned on an ambiguous statute. The *Karow* court assumed without discussion that prohibition could be granted in the face of a debatable right to proceed. Ch. 227, Stats., review was not discussed.

[2] The supreme court possesses "superintending and administrative authority over all courts." Wis. Const. art. VII, sec. 1. "The Supreme Court may issue all writs necessary in aid of its jurisdiction." Wis. Const. art. VII, sec. 2. The supreme court may issue a writ of prohibition. *State ex rel. Goldwyn D. Corp. v. Gehrz,* 181 Wis. 238, 241, 194 N.W. 418, 420 (1923).

court's exercise of its "superintending control may be justified in spite of the fact that a determination of the duty of the inferior court and the scope of the petitioner's rights may present difficult and close questions of law." John D. Wickhem, *The Power of Superintending Control of the Wisconsin Supreme Court*, 1941 Wis. L. Rev. 153, 164.

Since the supreme court employs prohibition to exercise its superintending power when a lower court threatens to act without jurisdiction, *State ex rel. Goldwyn D. Corp. v. Gehrz*, 181 Wis. 238, 241, 194 N.W. 418, 420 (1923), the *Hustisford* holding applies to prohibition as well as mandamus.

The *Hustisford* holding regarding the effect of the debatability of a circuit court's jurisdiction applies to a circuit court's power to issue a writ of prohibition. The supreme court has discussed the writ of prohibition in light of precedents involving both its superintending power and the power of the circuit court, without distinguishing between the two powers. *See State ex rel. Jefferson v. Roraff*, 44 Wis. 2d 250, 170 N.W.2d 691 (1969) (discussing circuit court's power to grant prohibition in light of precedents on supreme court's superintending power); *State ex. rel. Freemon v. Cannon*, 40 Wis. 2d 489, 162 N.W.2d 32 (1968) (reviewing history of expanded scope of prohibition); *Drugsvold v. Small Claims Court*, 13 Wis. 2d 228, 108 N.W.2d 648 (1961) (discussing circuit court's power to grant prohibition in light of precedents or supreme court's superintending power).

We conclude that the debatability of an administrative agency's jurisdiction on undisputed facts does not prevent a circuit court from issuing a writ of prohibition directed to the agency. The court should

decide whether the agency has jurisdiction even if, in the words of Justice Wickem, "difficult and close questions of law" are presented. 1941 Wis. L. Rev. at 164.

We turn to the effect of judicial review available under ch. 227, Stats., regarding the validity of the agency's decision following a hearing, a review which will permit examination of the agency's jurisdiction. Chapter 227 governs forfeiture proceedings under sec. 50.04(5)(e), Stats. If DOA's Division of Hearings and Appeals completes its hearing on the forfeitures, its decision regarding its jurisdiction as well as the merits will be judicially reviewable under sec. 227.15, Stats.

That the circuit court may prohibit an administrative agency from hearing a matter, notwithstanding the availability of ch. 227, Stats., review, is well-established. An administrative agency acting in a quasi-judicial capacity is subject to the jurisdiction of the circuit court. *State ex rel. Thompson v. Nash,* 27 Wis. 2d 183, 193, 133 N.W.2d 769, 775 (1965). "The circuit court may issue all writs necessary in aid of its jurisdiction." Wis. Const. art. VII, sec. 8. The circuit court may issue a writ of prohibition. *State ex rel. Gaudynski v. Pruss,* 233 Wis. 600, 603, 290 N.W. 289, 291–92 (1940).

The *Thompson* court suggested that the circuit courts generally should allow a matter before an administrative agency to run its full course, including ch. 227, Stats., review. Speaking for the court, Justice Currie said:

> Even where an administrative agency is acting in a quasi-judicial capacity, the circuit court should not exercise its supervisory control under sec. 8, art.

VII, independently of ch. 227, except where there
has been a substantial showing of denial of due
process which cannot later be adequately remedied
by review under ch. 227.

27 Wis. 2d at 194, 133 N.W.2d at 776.

However, Justice Currie's suggestion in *State ex
rel. Thompson, supra,* has been cited to support
prohibition against an agency lacking jurisdiction
when ch. 227, Stats., review is inadequate. *State ex rel.
Dept. of Pub. Instruction v. ILHR,* 68 Wis. 2d 677, 229
N.W.2d 591 (1975), held that a circuit court should
prohibit an agency from hearing a matter if the
agency lacks jurisdiction and ch. 227 review is inade-
quate.[3] After quoting extensively from *Thompson* and
concluding that the decision of the agency involved,
DILHR, was judicially reviewable under ch. 227, the
supreme court said:

> [S]uch review is not available until after a com-
> plete proceeding on the merits. It is our opinion
> that DILHR was *without jurisdiction in the first
> instance* and hence is exceeding its legislatively
> prescribed authority. A remedy by review after the
> entire proceeding has been conducted is grossly
> inadequate, and the harm is "inherent in the
> situation." [*Mohrhusen v. McCann,* 62 Wis. 2d 509,
> 512, 215 N.W.2d 560, 562 (1974)] Therefore we
> conclude the lower court *did* abuse its discretion in
> quashing the application for the writ.

68 Wis. at 687, 229 N.W. at 597.

---

[3]*Cf., State ex rel. G.E. Co. v. ILHR Department,* 68 Wis. 2d 688,
229 N.W.2d 597 (1975) (circuit court properly denied petition for
writ of prohibition when hardship to petitioner turned on disputed
facts and ch. 227 review was sufficient to resolve other issues).

We conclude that neither the debatability of an administrative agency's jurisdiction to hear a matter nor the availability of ch. 227, Stats., review prevents a circuit court from issuing a writ of prohibition to prevent an agency from hearing a matter before it. We therefore reach the question whether the thirty-day time limit in sec. 50.04(5)(e), Stats., is mandatory or directory.

### 3.  *Directory Time Limit*

The circuit court noted that the division and DHSS have historically construed the thirty-day time limit in sec. 50.04(5)(e), Stats., as directory. The court concluded, and we agree, that it owed no deference to the agency's construction of the statute, since the statute affects the power of the agency to proceed. *Wis. Environmental Decade v. Public Service Comm.*, 81 Wis. 2d 344, 351, 260 N.W.2d 712, 716 (1978).

The circuit court said that the primary purpose of the statute is to protect the health and safety of nursing home residents. A nursing home operator has, however, the right to be heard when it feels it has been unjustly accused of or punished for a violation affecting that health and safety. To effectuate the operator's right to be heard in a manner consistent with patient care, the court concluded that the division's compliance with the time limit on commencing the hearing in sec. 50.04(5)(e), Stats., is mandatory. The circuit court emphasized that DHSS may order the nursing home to take expensive corrective action on a violation of ch. 50, Stats. Sec. 50.04(4)(c). Furthermore, depending on its classification, the forfeiture for a violation may be as much as $5,000. Sec. 50.04(5)(a) 1.–3. Under certain circumstances, a separate per

diem forfeiture ranging from $100 to $1,000 may be imposed for each day of continuing violation. Sec. 50.04(5)(a)6.

Whether a statutory time limit on agency action is mandatory or discretionary is a question of law. *Karow v. Milwaukee County Civil Serv. Comm.,* 82 Wis. 2d 565, 570, 263 N.W.2d 214, 216 (1978). Because statutory time limits on agency action have often been construed to be directory, notwithstanding use of the usually mandatory "shall," *id.* at 571, 263 N.W.2d at 217, such limits when applied to agency action are ambiguous. We, of course, are not bound by the circuit court's conclusion on the meaning of a statute. *Warren v. Link Farms, Inc.,* 123 Wis. 2d 485, 488, 368 N.W.2d 688, 690 (Ct. App. 1985).

If a statute specifies the period in which an administrative agency is to act, the provision "is merely directory, unless [the statute] denies the exercise of power after such time, or the nature of the act, or the statutory language, shows that the time was intended to be a limitation." *State v. Industrial Comm.,* 233 Wis. 461, 466, 289 N.W. 769, 771 (1940). We apply that rule of construction to sec. 50.04(5), Stats.

No part of sec. 50.04(5), Stats., denies to the division the exercise of its powers for failure to commence a hearing within the prescribed thirty days. Nothing in the statutory language indicates that the thirty-day provision is intended to limit the division's powers.

Nor does the cost of corrective action and possible imposition of a substantial forfeiture show such in-

tent. The cost is unaffected by a delayed hearing. So is the amount of the forfeiture, unless a per diem forfeiture is sought for a claimed continuing violation.

However, many statutes and ordinances authorize per diem forfeitures for continuing violations. The person who contests an alleged continuing violation without taking corrective action must balance the risk of an accumulating per diem forfeiture against the likelihood of success. No case has been called to our attention holding that by subjecting a person to that risk, the legislature has evinced an intent that a time limit of the type before us is mandatory. We see no reason to infer that intent, and we do not do so as to sec. 50.04(5), Stats.

The circuit court and St. Michael's rely on the reasoning in *Karow, supra,* to support the view that the time limit in sec. 50.04(5), Stats., is mandatory. The issue in *Karow* was whether the time limit on commencing a disciplinary hearing against an employee was mandatory. The employe was suspended from work and not paid while the charges were pending. The *Karow* court concluded that only a prompt hearing could protect the public interest in the employe's not being deprived of a livelihood and in avoiding injury to the employe's reputation by charges which might prove unfounded. 82 Wis. 2d at 573, 263 N.W.2d at 218. The court concluded that the legislature intended a mandatory time limit.

The reasoning in *Karow, supra,* does not assist our search for legislative intent. The operation of a nursing home is not suspended pending a hearing on charged violations of ch. 50, Stats. Unlike the employe in *Karow,* the nursing home suffers no economic loss pending the hearing. A business is better able than an

337

individual to endure damage to reputation until a possibly unfounded charge is resolved.

We conclude that the thirty-day limit in sec. 50.04(5)(e), Stats., on commencing a hearing is directory. The circuit court premised its issuance of the writ of prohibition on the erroneous legal ruling that the limitation is mandatory. A discretionary ruling based on an error of law must be set aside. *State v. Hutnik,* 39 Wis. 2d 754, 764, 159 N.W.2d 733, 737 (1968). The order prohibiting the Division of Hearings and Appeals from conducting the hearing on the forfeiture must be reversed.

*By the Court.*—Order reversed and cause remanded with directions to dismiss the petition.