Donald LARSON, Plaintiff-Appellant-Petitioner,

v.

CITY OF TOMAH, and the City of Tomah Police & Fire
Commission, Defendants-Respondents.

Supreme Court

*No. 93–1248. Oral argument April 25, 1995.—Decided June 7,
1995.*

(Also reported in 532 N.W.2d 726.)

For the plaintiff-appellant-petitioner there were briefs by *James G. Birnbaum, Ross A. Seymour* and *Davis, Birnbaum, Marcou, Seymour & Colgan,* La Crosse and oral argument by *James G. Birnbaum* and *Ross A. Seymour.*

For the defendants-respondents there was a brief by *Robert J. Mubarak, Richard A. Radcliffe* and *Mubarak & Radcliffe, S.C.,* Tomah and oral argument by *Richard A. Radcliffe.*

STEINMETZ, J.   This is a review of an unpublished decision of the court of appeals affirming a judgment of the circuit court for Monroe county, the Honorable Michael J. Rosborough, presiding. The circuit court granted the defendants' motion to dismiss the plaintiff's complaint for failure to state a claim

upon which relief can be granted. The sole issue for review is whether a police officer can state a cause of action for wrongful discipline by invoking the public policy exception to the employment-at-will doctrine. Because the legislature has already created a statutory mechanism that protects against and provides a remedial process for the wrongful discipline of police officers, we hold that a police officer cannot state a cause of action for wrongful discipline by invoking the public policy exception to the employment-at-will doctrine. Accordingly, we affirm the decision of the court of appeals and the judgment of the circuit court.

In deciding a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, *see* sec. 802.06(2)(f), Stats., the facts set forth in the complaint are assumed to be true, *Wandry v. Bull's Eye Credit,* 129 Wis. 2d 37, 39, 384 N.W.2d 325 (1986), and are the only facts to be considered. *Ford v. Kenosha County,* 160 Wis. 2d 485, 492, 466 N.W.2d 646 (1991). Accordingly, the following facts are taken from the complaint. In October 1991, the chief of the Tomah Police Department, Steven Rinzel, assigned the plaintiff, Captain Donald Larson, to conduct an internal investigation in response to a citizen complaint of police misconduct. The citizen complaint was made against the city of Tomah Police Department and certain individual officers. In the course of his investigation, Captain Larson uncovered what he believed was potential evidence of criminal wrongdoing by Chief Rinzel, namely that he had intimidated and harassed certain witnesses and victims. Fearing further intimidation and harassment, these persons asked Captain Larson to keep their identities confidential. Captain Larson agreed to do so.

On November 7, 1991, Chief Rinzel ordered Captain Larson to give him the materials that he had gathered while investigating the citizen complaint. Captain Larson refused to turn over the materials until he had an opportunity to consult with the Monroe county district attorney and the chairman of the city of Tomah Police and Fire Commission regarding his pledge of confidentiality and his discovery of potential wrongdoing by Chief Rinzel. After consulting with these two individuals, Captain Larson gave the investigatory materials to Chief Rinzel. Twenty-seven hours passed between when Chief Rinzel requested the materials and when he received them.

Thereafter, Chief Rinzel filed a personnel complaint with the Tomah Police and Fire Commission (the "Commission"), seeking to terminate Captain Larson's employment. After a two-day hearing, the Commission suspended Captain Larson without pay for 32 days.[1] Pursuant to sec. 62.13(5)(i), Stats.,[2] Captain Larson

_____

[1] The Police and Fire Commission determined that Captain Larson (1) disobeyed an order of a superior, a violation of Department Rule 3–015/005; (2) engaged in conduct unbecoming a member of the department, a violation of Department Rule 3–015/000; and (3) left his residence while absent due to personal illness, a violation of Department Rule 3–020/090.

[2] Section 62.13(5)(i), Stats. (1991–92), provides:

Any person suspended, reduced, suspended and reduced, or removed by the board [of police and fire commissioners] may appeal from the order of the board to the circuit court by serving written notice thereof on the secretary of the board within 10 days after the order is filed. Within 5 days thereafter the board shall certify to the clerk of the circuit court the record of the proceedings, including all documents, testimony and minutes. The action shall then be at issue and shall have precedence over any other cause of a different nature pending in said court, which shall always be open to the trial thereof. The court shall upon application of the accused or of the board fix a date of trial, which shall not be later than 15 days

sought judicial review of the Commission's order. The circuit court for Monroe county, the Honorable James W. Rice, promptly held a hearing and subsequently affirmed the Commission's order.

On October 16, 1992, Captain Larson filed this action against the city of Tomah and the Commission, alleging that he was "wrongfully disciplined" and seeking to recover monetary damages. Pursuant to sec. 802.06(2), Stats., the city of Tomah and the Commission moved to dismiss the complaint for failure to state a claim upon which relief can be granted. In a memorandum decision, the circuit court for Monroe county, the Honorable Michael J. Rosborough, presiding, concluded that under *Brockmeyer v. Dun & Bradstreet,* 113 Wis. 2d 561, 335 N.W.2d 834 (1983), as extended by *Wandry,* 129 Wis. 2d 37, an employee who has been wrongfully suspended without pay can state a cause of action for wrongful discipline by invoking the public policy exception to the employment-at-will doctrine. Nonetheless, the circuit court dismissed Captain Larson's complaint because, in the court's opinion, the complaint failed to show, as required by *Brockmeyer,* 113 Wis. 2d at 574, that the discipline imposed by the Commission contravened a clear mandate of public policy.

after such application except by agreement. The trial shall be by the court and upon the return of the board, except that the court may require further return or the taking and return of further evidence by the board. The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable? No costs shall be allowed either party and the clerk's fees shall be paid by the city. If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to pay as though in continuous service. If the order of the board is sustained it shall be final and conclusive.

229

In an unpublished per curiam opinion, the court of appeals affirmed the judgment of the circuit court. However, unlike the circuit court, the court of appeals concluded that Wisconsin law does not recognize a cause of action for wrongful discipline. The court of appeals declined to extend the law, noting that its function is to correct errors of law, not to declare new law. Thereafter, Captain Larson filed a petition for review, which this court granted.

In determining whether Captain Larson's complaint should be dismissed, we start with the *Brockmeyer* decision. In *Brockmeyer,* 113 Wis. 2d at 572, this court recognized "a narrow public policy exception" to the employment-at-will doctrine. Under this exception, an employee-at-will "has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law." *Id.* at 573. However, as we have repeatedly stated, the exception is narrow and can be invoked only "under very limited circumstances." *Bushko v. Miller Brewing Co.,* 134 Wis. 2d 136, 141, 396 N.W.2d 167 (1986).[3]

The city of Tomah and the Commission make three arguments as to why those "very limited circumstances" are absent in this case. First, they argue that the narrow public policy exception may only be invoked where the legislature has not already enacted a statutory scheme protecting the employee against wrongful

---

[3] In *Bushko,* 134 Wis. 2d at 145, the court stated:

> *Brockmeyer* expressly limits the public policy exception to only those situations in which an employee is discharged for refusing to act in violation of an established and well-defined public policy evidenced by existing law. We specifically rejected the broader 'acting consistent with' public policy standard advocated by Bushko.

discharge and providing the employee with a remedial process to follow in the event of a wrongful discharge. They note that sec. 62.13, Stats., protects police officers against wrongful discharge, and wrongful discipline, and provides them with a remedial process. Second, they argue that because police officers may only be discharged for cause under sec. 62.13, police officers are not employees-at-will and, therefore, cannot recover under an exception to the employment-at-will doctrine. Third, they argue that under *Brockmeyer* and its progeny, the narrow public policy exception may only be invoked to remedy a wrongful discharge; it may not be invoked to remedy wrongful discipline. We find that the first and second arguments, which are inextricably linked, are controlling.

In *Brockmeyer,* 113 Wis. 2d at 576 n.17, the court acknowledged that "[w]here the legislature has created a statutory remedy for wrongful discharge, that remedy is exclusive." *Id.* at 576 n.17. Because the legislature had not created a remedial process covering Brockmeyer,[4] the court proceeded to analyze whether he could invoke the judicially-created public policy exception. *Id.* at 576. However, the court made clear that if the legislature had created a remedial process that covered Brockmeyer, the court would not have overridden that process with the judicially-created public policy exception. *See id.*

Section 62.13, Stats., protects against the wrongful discharge and wrongful discipline of police officers. Under sec. 62.13(5), every police officer who is disciplined by a superior in the department is entitled to have the disciplinary action reviewed by the city's

---

[4] The court noted that "the legislature had not and cannot cover every type of wrongful termination that violates a clear mandate of public policy." *Brockmeyer,* 113 Wis. 2d at 576.

police and fire commission. If the commission sustains the disciplinary action, it must make written findings and determinations. Section 62.13(5)(f). The aggrieved officer may then appeal from the commission's order to the circuit court. Section 62.13(5)(i).[5] In reviewing the commission's order, the circuit court must determine whether, based upon the evidence, the order of the commission was reasonable. Section 62.13(5)(i).[6]

■

Because the legislature has already enacted a statutory mechanism, sec. 62.13, Stats., that protects police officers from being wrongfully disciplined and provides them with a sufficient remedial process in the event that they are wrongfully disciplined, we hold that police officers cannot state a cause of action for wrongful discharge or wrongful discipline by invoking the public policy exception to the employment-at-will doctrine. In doing so, we (1) recognize the legislature's role as the primary law-making body in this state, (2) avoid unnecessarily impinging upon the power of police and fire commissions throughout the state, and (3) recognize that the legislature has removed police officers from within the scope of the employment-at-will doctrine.[7]

---

[5] Such actions are given precedence over any other cause of a different nature pending in the circuit court. Section 62.13(5) (i), Stats.

[6] If the circuit court sustains the commission's order, the order is "final and conclusive." Section 62.13(5), Stats. In the instant case, the circuit court reviewed Captain Larson's claim and affirmed the order of the Commission. Thus, Captain Larson has received administrative and judicial review of his claim.

[7] It is axiomatic that only an employee-at-will can state a cause of action under the public policy exception to the employment-at-will doctrine. An employee-at-will is one who is hired

Because we hold that police officers cannot state a cause of action for wrongful discharge or for wrongful discipline by invoking the public policy exception to the employment-at-will doctrine, the facts set forth in Captain Larson's complaint, liberally construed and assumed to be true, do not, under any condition, state a claim upon which relief can be granted.[8] Accordingly, we affirm the court of appeals' decision affirming the circuit court's judgment dismissing the complaint.

*By the Court.*— The decision of the court of appeals is affirmed.

---

for an indefinite period of time and who may be discharged without cause. *See Brockmeyer,* 113 Wis. 2d at 577. Under sec. 62.13(5), Stats., police officers may not be disciplined or discharged without cause. Therefore, police officers are not employees-at-will and cannot state a cause of action under the public policy exception to the employment-at-will doctrine.

[8] A claim should be dismissed for failure to state a claim upon which relief can be granted if it is clear from the pleadings that under no conditions could the plaintiff recover. *Morgan v. Pennsylvania General Ins. Co.,* 87 Wis. 2d 723, 275 N.W.2d 660 (1979).